**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **STANLEY BOCLAIR, #A60451,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24-cv-01924-SMY** |
| | ) | |
| **PREA COMPLIANCE MANAGER, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Stanley Boclair, an inmate of the Illinois Department of Corrections (IDOC) currently housed at Hill Correctional Center, filed this lawsuit under 42 U.S.C. § 1983 for constitutional deprivations that allegedly occurred at Menard Correctional Center.  Along with his original Complaint (Doc. 1), Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (IFP) (Doc. 2), seeking leave to litigate without prepayment of the Court's usual $405.00 filing fee for this civil case.  The Court granted the IFP motion (Doc. 9), and Plaintiff has paid $33.72 toward his filing fee to date.

The Complaint (Doc. 1) and Amended Complaint (Doc. 14) did not survive screening under 28 U.S.C. § 1915A.  (Doc. 20).  Plaintiff was granted leave to replead his claims in an amended complaint.  *Id*.  He filed a Second Amended Complaint (Doc. 24), along with several miscellaneous motions (Docs. 21, 22, and 25).  Before the Court screens the Second Amended Complaint under § 1915A, it must revisit Plaintiff's request for IFP status.

The Court has learned that Plaintiff accumulated three "strikes" within the meaning of 28 U.S.C. § 1915(g) prior to filing this case.  According to the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) and this Court's electronic docket, the following

1

cases count as "strikes" because they were dismissed as being frivolous or for failure to state a claim: *Bolair* [sic] *v. Page*, No. 99-cv-00223-GPM (S.D. Ill. dismissed August 16, 1999 as frivolous)[1] (Docs. 5, 6); *Boclair v. Baldwin*, No. 17-cv-01422 (N.D. Ill. dismissed April 28, 2017) (Doc. 14); and *Boclair v. Baldwin*, No. 17-cv-02998 (N.D. Ill. dismissed June 19, 2017) (Doc. 6). *See Boclair v. Crain, et al.*, No. 24-cv-02371-SMY (S.D. Ill.) (Doc. 15).

Under 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment without prepayment of the fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because Plaintiff "struck out" under § 1915(g) before filing this case, he is subject to the "three strikes" bar.

Plaintiff may not proceed IFP in this case unless he satisfies the "imminent danger" provision within the meaning of 28 U.S.C. § 1915(g). This requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). "Allegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed." *Id*. at 330.

In his Complaint, Plaintiff describes three encounters with another inmate at Menard Correctional Center. On January 23, 2024, Inmate Russell allegedly pressed his private parts against Plaintiff's buttocks as the two inmates passed one another in a narrow hallway leading from the prison's commissary. On February 6, 2024, Inmate Russell allegedly grabbed Plaintiff's buttocks with the palm of his hand as the inmates made their way back from the prison yard. The

---

[1] Plaintiff's correct IDOC prisoner number accompanies his misspelled name on the Court's docket sheet in Case No. 99-cv-00223-GPM.

2

following day, on February 7, 2024, Inmate Russell allegedly reached into Plaintiff's cell and grabbed his buttocks as he walked back from the shower. *Id*. Plaintiff filed the original Complaint six months later, on August 19, 2024, and his First Amended Complaint on October 2, 2024, before notifying the Court of his transfer to a different facility in November 2024. *See* Doc. 15. He filed his Second Amended Complaint many months after transferring out of Menard. *See* Doc. 24.

Plaintiff's allegations do not suggest he faced imminent danger of serious physical injury at the time he filed this lawsuit. The alleged harm occurred in January and February 2024, and he filed suit in August 2024. Plaintiff did not complain about continued contact with Inmate Russell at the time, and he transferred out of the prison shortly after amending the Complaint the first time. Thus, Plaintiff has not overcome the "three strikes" bar and should not have been granted IFP status in this case.

### DISPOSITION

For the forgoing reasons, the Court **REVOKES** Plaintiff's IFP status in this case as improperly granted and **DISMISSES** as **MOOT** three pending motions addressing incomplete filings, including a Motion for Relief from Judgment or Order (Doc. 21), Motion to Obtain Access to the Court (Doc. 22), and Motion to Correct the Record (Doc. 25). Plaintiff must pay the balance of the full filing fee if he wishes to proceed with the Second Amended Complaint. Therefore, Plaintiff is **ORDERED** to pay the remaining balance of the $405.00 filing fee for this action within **thirty (30) days** from entry of this Order (**on or before April 24, 2026**). As of the date of this Order, Plaintiff's balance due is **$371.28**.

The Court **DEFERS** screening of the Second Amended Complaint (Doc. 24) until Plaintiff pays the balance due. He is **WARNED** that failure to do so by the deadline will result in dismissal of this action for non-compliance with the Court's Order and for failure to prosecute his claims.

*See* FED. R. CIV. P. 41.  Additionally, payments will be deducted from Plaintiff's prisoner trust account in accordance with § 1915(b) until the $405.00 fee is paid in full, as described in the Order at Doc. 9.

Plaintiff is reminded that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than fourteen (14) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in a dismissal of this action for want of prosecution.

Finally, Plaintiff is **ADVISED** that if he seeks to proceed IFP in a future civil rights action while he is in prison, he must disclose the cases resulting in the assessment of a "strike" and also satisfy 28 U.S.C. § 1915(g) to proceed IFP.

**IT IS SO ORDERED.**

**DATED:  March 25, 2026**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**Chief U.S. District Judge**